14-325-cr
*United States v. Kenneth M. Griffin*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fifteen.

Present:
      ROBERT A. KATZMANN,
              *Chief Judge*,
      JOHN M. WALKER, JR.,
      GERARD E. LYNCH,
              *Circuit Judges*.

------

UNITED STATES OF AMERICA,              No. 14-325-cr

      *Appellee,*

        v.

KENNETH M. GRIFFIN,

      *Defendant-Appellant*,

BRIAN K. CAMPBELL,

      *Defendant.*

------

For Defendant-Appellant:        Phillip R. Hurwitz, Rochester, New York.

For Appellee:                                    Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Geraci, Jr., *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Kenneth M. Griffin appeals from an order of restitution entered on January 15, 2014 by the U.S. District Court for the Western District of New York (Geraci, Jr., *J.*), which, *inter alia*, ordered payment to Interstate Capital Corporation ("ICC") in the amount of $279,033.41. On appeal, Griffin contends that the district court erred in the procedures it undertook prior to issuing the order of restitution; he argues specifically that the district court erred by not granting his request for an adjournment of the restitution hearing for the court to inspect spreadsheets prepared by the defense counsel. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

"Decisions as to what types of procedure are needed" to formulate a restitution order (including, for example, whether a restitution hearing is held at all) "lie within the discretion of the sentencing court and are reviewed for abuse of discretion." *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996). "[I]n the context of [resolving] contested issues regarding the propriety of a restitution award, . . . the sentencing procedures employed are within the district court's discretion so long as the defendant is given an adequate opportunity to present his position." *United States v. Sabhnani*, 599 F.3d 215, 257–58 (2d Cir. 2010) (finding that the district court's failure to hold a restitution hearing was not an abuse of discretion). The

2

appropriate procedures to determine the amount of a restitution award are likewise within the district court's discretion.

Here, the district court provided Griffin with an adequate opportunity to present his position. First, although the district court did not adjourn the restitution hearing, the court accepted the proffered documents for consideration as post-hearing court exhibits. Second, during the restitution hearing, defense counsel quoted extensively from the documents at issue in pressing his argument, and the district court was therefore already aware of the substance of the documents. Indeed, on appeal, Griffin points to no new information in the exhibits that he was unable to call to the court's attention at the hearing or that necessitated further scrutiny by the court. Thus, the district court did not abuse its discretion in declining to adjourn the restitution hearing.

We have considered all of Griffin's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK